3. The wife's right to bring the action would not accrue until the death of the husband; nor would the statute of limitations commence running against her until then.—*Miller* v. *Shackleford*, 3 Dana, 289.—1 Hill, 54.—3 Mon. 245.— 1 Met. 542.—13 Pick. 523.—16 *id.* 161.—4 Greenl. Cruise, 21.

---

## WOODRUFF *v.* HOARD and Another.

Where, under the R. S. of 1843, an execution on a judgment upon a contract under the appraisement laws, was levied on property selected by the execution-plaintiff, and the property was sold for two-thirds its appraised value, the execution-plaintiff purchasing and taking possession thereof:—*Held*, 1. That the sale was void for being for too small a sum. 2. That the execution-defendant might sue in damages for the value of the property, or might set up such value as a set-off in an action against him by the execution-plaintiff, if the execution-defendant was the principal in the debt sued on.

APPEAL from the *La Grange* Court of Common Pleas. PERKINS, J.—Suit upon a note. Pleas of payment, set-off, &c. Issues. Trial. Judgment for the defendants.

May Term,
1857.

WOODRUFF
v.
HOARD.

The errors assigned are, that the Court erred in sustaining the demurrer to the plaintiff's reply; that the Court erred in giving and refusing instructions, and in overruling the motion for a new trial.

1. The overruling of the demurrer was not excepted to.

2. The record does not contain all the evidence. It states that evidence was given tending to prove such and such facts, but it does not set out the evidence. Hence, we cannot tell whether the evidence proved the facts or not, nor whether the Court below should have granted a new trial. The bill of exceptions, it is true, closes thus: "which was all the evidence in the cause;" but as the bill does not contain the evidence, as its whole tenor shows, the closing assertion cannot be regarded as true. To say that evidence was given tending to prove the plaintiff's case, which was all the evidence in the cause, is only to say that the only evidence given was that which tended to prove the plaintiff's case; but whether it was sufficient for the purpose, we could not, on such statement, judge.

3. The instructions given and refused, present all the questions raised by the motion for a new trial. They read thus:

"In relation to the two yoke of oxen charged in the defendant's set-off, the jury will determine from the evidence when and in what manner the oxen came to the plaintiff's possession. If the oxen were levied upon by a constable, by virtue of an execution in favor of *Woodruff* against *Hoard*, the principal defendant in this suit, it will be important to determine whether *Hoard*, on being required by the constable, did designate the oxen to be levied on by virtue of such execution or not; because, if the judgment was rendered and execution levied at any time while the R. S. of 1843 were in force, and the oxen were designated by *Hoard* to be levied on by the constable, then they might be sold at any sum not less than two-thirds of their appraised value; whereas, if the oxen were not so designated by *Hoard*, but were designated by *Woodruff*, or taken by the constable without being designated by either party,

then the constable had no authority by law to sell the oxen for less than their fair value, as ascertained by appraisers, and any sale for a less sum would be without authority of law, and void. If the plaintiff, *Woodruff*, was the plaintiff in the execution upon which the oxen were sold by the constable, he was bound to know that all the proceedings of the officer up to the sale were legal; and if the sale was a void one, and the plaintiff took the oxen, and converted them to his own use, he would be liable to pay *Hoard* for the oxen; and, to recover the value of the oxen, *Hoard* may waive the tort and sue for the oxen as sold and delivered, or he may set up the value as set-off in this action, if *Hoard* is the sole principal in the debt now sued on by *Woodruff.*"

The plaintiff excepted to the above instructions, and asked the Court to give the following:

"If the jury believe, from the evidence, that the yoke of oxen mentioned in the answer were levied upon by virtue of an execution, sold by the officer, and bid off by the plaintiff, (in that suit the execution-plaintiff) then their value could not be set off in this action by the defendant, even though the officer acted improperly, and sold them for two-thirds, instead of their full value."

Which instruction the Court refused to give, and the plaintiff excepted. We presume, in favor of the action of the Court below, that the execution sale was upon a judgment on a contract under the appraisement laws.

Without meaning to sanction every expression in the above instruction which was given, we cannot say the defendant can complain of it. See R. S. 1843, p. 1046, s. 9.

*Morss* v. *Doe*, 2 Ind. R. 65, decides that an execution sale, for less than the sum required by the statue, is not merely voidable, but absolutely void. And it seems, according to Chitty, (1 vol. Pl. p. 100) that assumpsit will lie for the value of property so sold. The tort, if tort it properly can be called, may be waived.

If the instruction given was unobjectionable, that refused, of course, should not have been given.

*Per Curiam.*—The judgment is affirmed with costs.

*J. M. Flagg*, for the appellant (1).

*A. Ellison*, for the appellees.

(1) Counsel for the appellant cited *M'Intosh* v. *Chew*, 1 Blackf. 289; 3 U. S. Dig. 429; 3 McCord, 243; 6 Vt. R. 64.